AARON M. CLEFTON, Esq.  (SBN 318680)
CLEFTON DISABILITY LAW
2601 Blanding Ave, Suite C
#336
Alameda, CA 94501
Telephone:  510/832-500
info@cleftonlaw.com

Attorneys for Plaintiff
MARY ELIZABETH WADE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ELIZABETH WADE<br><br>　　Plaintiff,<br><br><br>　　v.<br><br><br><br>CASA AZUL CANTINA LLC dba FRIDA MEXICAN CUISINE<br><br><br>　　Defendant. | CASE NO. 2:25-cv-2928<br><u>Civil Rights</u><br><br>**FIRST AMENDED COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES REGARDING DENIAL OF SERVICE DOG AND HANDLER TO EQUALLY USE AND ENJOY PUBLIC ACCOMMODATION:**<br><br>1. **Violations of Americans with Disabilities Act of 1990 (42 U.S.C. § 12101 *et seq.*)**<br><br>2. **Violation of the California Disabled Persons Act (Cal. Civil Code § 54 *et seq.*)**<br><br>3. **Violation of the California Unruh Act (Cal. Civil Code §§ 51 and 52)**<br><br><u>DEMAND FOR JURY TRIAL</u> |

1.　　**PREFETORY STATEMENT:** This is Plaintiff's second Americans with Disabilities Act ("ADA") lawsuit. It does not involve any architectural barriers, only service dog denial claims. Plaintiff's law firm is not an ADA high-frequency litigation firm. Clefton Disability Law represents many different disabled plaintiffs, none of whom are high frequency litigants as defined by state law.

1

Plaintiff MARY ELIZABETH WADE complains of Defendant CASA AZUL CANTINA LLC dba FRIDA MEXICAN CUISINE, and alleges as follows:

2.   **INTRODUCTION:** Plaintiff Mary Elizabeth Wade is a disabled individual who uses the assistance of a service dog to ameliorate her disability, Elhers Danlos Syndrome. On February 26, 2025, Plaintiff went to Frida Mexican Cuisine located at 10853 Lindbrook Drive, Los Angels, California 90024 to eat lunch. As is her usual practice, Plaintiff was accompanied by her service dog Daisy. Plaintiff entered the restaurant around 11:50 am, approached the host stand, and requested a table for one inside the almost entirely empty restaurant.  Plaintiff specifically requested a table in the interior dining room of the restaurant because it was a warm day, and Plaintiff is unable to tolerate being outside in hot weather due to her disability.  However, Defendant's employee refused to seat Plaintiff in the interior dining room of Frida Mexican Cuisine due to the presence of her service dog.  Defendant's representative informed Plaintiff that Defendant does not allow any dogs, *including service dogs*, to be inside the restaurant.  Defendant's representative told Plaintiff that she could eat on the patio or leave.

3.   Defendant denied disabled Plaintiff Mary Elizabeth Wade equal access to Frida Mexican Cuisine because she is a disabled individual who uses a service dog to assist her with tasks related to her disability.  Further, Defendant's employee treated Plaintiff with disrespect due to the presence of her service dog, offering qualitatively different services to her than they give to other non-disabled patrons, including not allowing Plaintiff to sit inside the restaurant, and requiring that she either sit outside or leave.

4.   The Defendant's decision to only allow service dogs to sit outside at its restaurant is patently discriminatory and did not afford equal access and enjoyment of its services.  It also contravenes the Department of Justice's technical assistance and guidance on the subject of "Service Animals."  In relevant part, the guidance states:

2

FIRST AMENDEDCOMPLAINT
CASE NO. 2:25-cv-2928

Case 2:25-cv-02928-AGR   Document 5   Filed 04/04/25   Page 3 of 20   Page ID #:28

- A person with a disability cannot be asked to remove his service animal from the premises unless: (1) the dog is out of control and the handler does not take effective action to control it or (2) the dog is not housebroken. When there is a legitimate reason to ask that a service animal be removed, staff must offer the person with the disability the opportunity to obtain goods or services without the animal's presence.

- Establishments that sell or prepare food must generally allow service animals in public areas even if state or local health codes prohibit animals on the premises.

- People with disabilities who use service animals cannot be isolated from other patrons, treated less favorably than other patrons, or charged fees that are not charged to other patrons without animals.

DOJ 2010 "Service Animal" guidance available at https://www.ada.gov/resources/service-animals-2010-requirements/.

5.      Plaintiff has eaten at Frida Mexican Cuisine several times several months before this incident before they changed their policy to disallowing service dogs inside the restaurant.  She enjoys the food and it is at a convenient location. Plaintiff intends to return to Frida Mexican Cuisine in the future but cannot do so until the policies of the restaurant are made accessible to disabled individuals who use service dogs, including revision of its service dog policies and necessary employee training and/or re-training. She has brought this lawsuit to force Defendant to change its discriminatory and illegal policies and compensate her for refusing her equal access to service at the restaurant because she is a disabled person who needs the assistance of her qualified service dog.  Plaintiff seeks an injunction to protect the rights of all disabled persons, including Plaintiff, when accompanied by a qualified service dog at Frida Mexican Cuisine.

6.      **JURISDICTION:**  This Court has jurisdiction of this action pursuant to 28 U.S.C. sections 1331 and 1343.  This Court has jurisdiction over the claims

3

brought under California law pursuant to 28 U.S.C. § 1367.

7. **VENUE:** Venue is proper in this court pursuant to 28 U.S.C. section 1391(b) and is proper because the real property which is the subject of this action is in this district and that Plaintiff's causes of action arose in this district.

8. **INTRADISTRICT:** This case should be assigned to the Western Division because the real property which is the subject of this action is in this intradistrict and Plaintiff's causes of action arose in this intradistrict.

9. **PARTIES:** Plaintiff Mary Elizabeth Wade is a "qualified" disabled person who uses a service dog to assist her with mobility tasks. She suffers from Elhers-Danlos Syndrome which is a connective tissue disease that affects her mobility and causes her ligaments to be very loose which can lead to joint dislocation and bone fractures. Elhers-Danlos Syndrome causes symptoms of general joint hypermobility, instability and deterioration which has led Plaintiff to undergo multiple joint replacements, repeated dislocations, and bone fractures. Plaintiff also suffers from systemic dysautonomia which causes swings in heart rate and blood pressure and an inability to withstand temperature changes. Plaintiff's condition is such that on some days she can barely move due to the pain but on other days she is able to walk independently. Plaintiff's disability affects her ability to walk, bend, and lift objects. She has been issued a disabled parking placard by the State of California which allows her to park in properly configured designated accessible parking places.

10. Plaintiff relies upon her service dog, a beagle named "Daisy," to assist her with certain tasks including picking up objects off the floor when Plaintiff drops them as well as retrieving certain everyday objects for Plaintiff. Plaintiff is also in the process of training Daisy alert people when if she falls and cannot get up or is rendered unconscious.

11. Daisy was and continues to be professionally trained to be a service dog by a professional trainer. Plaintiff and Daisy have been working together for

4

three years. Plaintiff and Daisy reinforce their training together daily. Plaintiff is a qualified person with a disability as defined under federal and state law. 42 U.S.C. § 12102, 29 U.S.C. § 705(9)(B), and California Government Code § 12926(1).

12.     Defendant CASA AZUL CANTINA LLC dba FRIDA MEXICAN CUISINE is and was at all times relevant to this Complaint the owner, operator, lessor and/or lessee of the subject business located at 10853 Lindbrook Drive, Los Angels, California 90024, known as Frida Mexican Cuisine.

13.     Frida Mexican Cuisine is a place of "public accommodation" and a "business establishment" subject to the requirements *among other things* of multiple categories of 42 U.S.C. section 12181(7) of the Americans with Disabilities Act of 1990, of California Civil Code sections 51 *et seq.*, and of California Civil Code sections 54 *et seq*.

14.     **FACTUAL STATEMENT:** Plaintiff Mary Elizabeth Wade has been working with her service dog Daisy for three years. Daisy is a five-year-old beagle who was trained to be a service dog. Daisy was both professionally trained by trainer Robin Roy, and she and Plaintiff also trained together with Ms. Roy. Plaintiff has also continued to train Daisy to serve her specific needs throughout their relationship. Daisy is specifically trained to assist Plaintiff with certain tasks including picking up objects off the floor when Plaintiff drops them as well as retrieving certain everyday objects for Plaintiff.

15.     Daisy is a working service dog; she is not a pet. Plaintiff and Daisy have trained extensively together, and they supplement that training daily. Plaintiff takes Daisy everywhere with her in public. It is important they stay together as much as possible because (a) Daisy provides important services for Plaintiff; and (b) it is part of the training and bonding requirement that they be together constantly to maintain their bond. Where Plaintiff goes, Daisy goes. Below is a photo of Daisy as she looked on the day of the incident:

5

FIRST AMENDEDCOMPLAINT
CASE NO. 2:25-cv-2928



16.     On February 25, 2025, Plaintiff went to Los Angles for a two-night getaway.  She stayed at the Plaza La Reina on the nights of February 25 and 26, 2025.  Plaintiff had a relaxing morning on February 26th, and then she took Daisy for a walk. After her walk, Plaintiff was warm, sweating and wanted to find a restaurant where she could sit inside, eat lunch and cool off.  One manifestation of Plaintiff's disability is that she has difficulty regulating her body temperature, so she needed to get inside an air-conditioned space. Plaintiff knew that Frida Mexican Cuisine (the "Restaurant") was nearby as she had eaten there on previous trips to the area, so she and Daisy walked to the restaurant to see if there were tables available in the interior of the restaurant.

17.     Plaintiff arrived at the Restaurant around 11:50 am. She entered and saw that the interior dining room was nearly empty.  Plaintiff approached the host stand and requested a table for one inside. Defendant's employee who was working

6

at the host stand told Plaintiff that he could seat her on the patio. Plaintiff reiterated that she wanted to sit inside.  Defendant's employee told Plaintiff that dogs were not allowed inside the restaurant.  Plaintiff explained that Daisy is a service dog. Daisy was also wearing a vest which clearly identified her as a service dog.

18.    Defendant's employee told Plaintiff that he understood that her dog is a service dog but that the owner of the restaurant does not allow any dogs inside the Restaurant.

19.    Plaintiff informed Defendant that excluding service dogs from the interior of the Restaurant is against the law, and she explained that she needed to sit inside the restaurant where it was air conditioned. She also reiterated that Daisy is her service animal, not her pet.

20.    Defendant's employee told Plaintiff he understood that her dog is a service dog, but he still refused to seat her inside because his manager does not allow any dogs inside the Restaurant.

21.    Plaintiff asked Defendant's employee if she could speak to the manager, but Defendant's employee told Plaintiff that the manager was not at the Restaurant. At this point, it was clear to Plaintiff that she was not going to be allowed to eat in the interior dining room at the Restaurant due to the presence of her service dog.  Plaintiff also knew that it would be detrimental to her health if she ate her lunch on the patio, so she left the Restaurant.  Plaintiff wanted to get into a climate-controlled environment as soon as possible, so she returned to her hotel and ordered a lunch to be delivered to her room.

22.    Plaintiff has a desire to return to Frida Mexican Restaurant to enjoy the food they offer.  However, Plaintiff does not want to go back to the restaurant because her previous experiences have made it clear that Defendant does not maintain a service animal policy that complies with state and federal access laws.  It is also clear that Defendant's employees have not received training about how to interact with disabled patrons who rely on service dogs for assistance.

7

23.    Plaintiff wishes to return to Frida Mexican Restaurant, but only *after* Defendant has implemented proper service animal policies and training of its staff. Plaintiff is deterred from returning to the restaurant until these policies and training are in place.

## FIRST CAUSE OF ACTION:
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990
### (42 U.S.C. §§ 12101 *et seq.*)

24.    Plaintiff repleads and incorporates by reference, as if fully set forth again here, the factual allegations contained in Paragraphs 1 through 23, above, and incorporates them here by reference as if separately repled hereafter.

25.    In 1990 Congress passed the Americans with Disabilities Act after finding that laws were needed to more fully protect "some 43 million Americans with one or more physical or mental disabilities; that historically society has tended to isolate and segregate individuals with disabilities;" that "such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem"; that "the Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self-sufficiency for such individuals"; and that "the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous."  42 U.S.C. § 12101(a).

26.    The ADA provides, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.

27.    Plaintiff is a qualified individual with a disability as defined in the Rehabilitation Act and in the Americans with Disabilities Act of 1990.

8

28.     Frida Mexican Restaurant is a public accommodation under Title III of the ADA.  42 U.S.C. § 12181(7)(B).

29.     The ADA prohibits, among other types of discrimination, "failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities."  42 U.S.C. § 12182(b)(2)(A)(ii).

30.     Under the "2010 Revised ADA Requirements: Service Animals," as published by the United States Department of Justice, and distributed by the DOJ's Civil Rights Division, Disability Rights Section, "Generally, title II and title III entities must permit service animals to accompany people with disabilities in all areas where members of the public are allowed to go."  ADA 2010 Revised Requirements, www.ada.gov/service -animals-2010.htm  Further,

> **Under the ADA, State and local governments, businesses, and nonprofit organizations that serve the public generally must allow service animals to accompany people with disabilities in all areas of the facility where the public is normally allowed to go.**

*Ibid.*, emphasis in original.

31.     Defendant has a policy and practice of denying access to patrons of Frida Mexican Restaurant with service animals. The Defendant's decision to only allow service dogs to sit outside at its restaurant contravenes the Department of Justice's technical assistance and guidance on the subject of "Service Animals."  In relevant part, the guidance states:

- A person with a disability cannot be asked to remove his service animal from the premises unless: (1) the dog is out of control and the handler does not take effective action to control it or (2) the dog is not housebroken. When there is a legitimate reason to ask that a service animal be removed, staff must offer the person with the disability the opportunity to obtain goods or services without the animal's presence**.**

9

- Establishments that sell or prepare food must generally allow service animals in public areas even if state or local health codes prohibit animals on the premises.
- People with disabilities who use service animals cannot be isolated from other patrons, treated less favorably than other patrons, or charged fees that are not charged to other patrons without animals.

DOJ 2010 "Service Animal" guidance available at https://www.ada.gov/resources/service-animals-2010-requirements/.

32.    On information and belief, as of the date of Plaintiff's most recent visit to Frida Mexican Restaurant on or about February 26, 2025, Defendant continues to deny full and equal access to Plaintiff and to discriminate against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of Defendant's premises, in violation of the ADA.

33.    In passing the Americans with Disabilities Act of 1990 ("ADA"), Congress stated as its purpose:

It is the purpose of this Act

(1) to provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the Federal Government plays a central role in enforcing the standards established in this Act on behalf of individuals with disabilities; and

(4) to invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b).

34.    As part of the ADA, Congress passed "Title III - Public Accommodations and Services Operated by Private Entities" (42 U.S.C. § 12181 *et*

10

FIRST AMENDEDCOMPLAINT
CASE NO. 2:25-cv-2928

*seq.*).  The subject property and facility is one of the "private entities" which are considered "public accommodations" for purposes of this title, which includes but is not limited to any "restaurant." 42 U.S.C. § 12181(7)(B).

35.    The ADA states that "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation." 42 U.S.C. § 12182.  The specific prohibitions against discrimination include, but are not limited to the following:

§ 12182(b)(1)(A)(ii): "Participation in Unequal Benefit. - It shall be discriminatory to afford an individual or class of individuals, on the basis of a disability or disabilities of such individual or class, directly, or through contractual, licensing, or other arrangements, with the opportunity to participate in or benefit from a good, service, facility, privilege, advantage, or accommodation that is not equal to that afforded to other individuals."

§ 12182(b)(2)(A)(ii): "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities...;"

§ 12182(b)(2)(A)(iii): "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied service, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services...;"

The acts and omissions of Defendant set forth here were in violation of Plaintiff's rights under the ADA and the regulations promulgated thereunder, 28 C.F.R. Part 36 *et seq*.

36.    On information and belief, as of the dates of Plaintiff's encounters at the premises and as of the filing of this Complaint, Defendant's actions, policies,

11

and physical premises have denied and continue to deny full and equal access to Plaintiff and to other disabled persons who work with service dogs, which violates Plaintiff's right to full and equal access and which discriminates against Plaintiff on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations, in violation of 42 U.S.C. sections 12182 and 12183 of the ADA.

37.     Defendant's actions continue to deny Plaintiff's right to full and equal access by deterring Plaintiff from patronizing Frida Mexican Restaurant and discriminated and continue to discriminate against her on the basis of her disabilities, thus wrongfully denying to Plaintiff the full and equal enjoyment of Defendant's goods, services, facilities, privileges, advantages and accommodations, in violation of section 12182 of the ADA.  42 U.S.C. § 12182.

38.     Under the Americans with Disabilities Act, 42 U.S.C. sections 12188 *et seq.,* Plaintiff is entitled to the remedies and procedures set forth in section 204(a) of the Civil Rights Act of 1964, 42 U.S.C. 2000(a)-3(a), as Plaintiff is being subjected to discrimination on the basis of her disabilities in violation of sections 12182 and 12183 of this title.  On information and belief, Defendant has continued to violate the law and deny the rights of Plaintiff and other disabled persons to "full and equal" access to this public accommodation since on or before Plaintiff's encounters.  Under section 12188(a)(2)

> [i]n cases of violations of § 12182(b)(2)(A)(iv) and § 12183(a)... injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this title.  Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this title.

39.     Plaintiff seeks relief under remedies set forth in section 204(a) of the Civil Rights Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a qualified disabled person for purposes of section 12188(a) of the ADA

12

who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing she will be subjected to such discrimination each time that she may use the property and premises, or attempt to Tre Lune Ristorante, in light of Defendant's policy barriers.

WHEREFORE, Plaintiff prays for relief as stated below.

**SECOND CAUSE OF ACTION:
DAMAGES AND INJUNCTIVE RELIEF
FOR DENIAL OF FULL AND EQUAL ACCESS TO PUBLIC
FACILITIES IN A PUBLIC ACCOMMODATION
(Civil Code §§ 54 *et seq.*)**

40.    Plaintiff re-pleads and incorporates by reference, as if fully set forth hereafter, the factual allegations contained in Paragraphs 1 through 39 of this Complaint and all paragraphs of the third cause of action, as plead infra, incorporates them herein as if separately re-pleaded.

41.    Under the California Disabled Persons Act (CDPA), people with disabilities are entitled to the "full and free use of . . . public buildings, . . . public facilities, and other public places."  Civil Code § 54(a).

42.    Civil Code section 54.1(a)(1) further guarantees the right of "full and equal access" by persons with disabilities to "accommodations, advantages, facilities . . . hotels, lodging places of accommodation, amusement or resort, or other places to which the general public is invited."  Civil Code § 54.1(c) also specifies that "individuals with a disability and persons authorized to train service dogs for individuals with a disability, may take dogs, for the purpose of training them as guide dogs, signal dogs, or service dogs in any of the places specified in subdivisions (a) and (b)."

43.    Civil Code section 54.2(a) specifically protects the right of "every individual with a disability" "to be accompanied by a guide dog, signal dog, or service dog, especially trained for the purpose, in any of the places specified in Section 54.1."

44.    Civil Code section 54.3(b) makes liable "Any person or persons, firm

13

or corporation who denies or interferes with admittance to or enjoyment of the public facilities as specified in Sections 54 and 54.1 or otherwise interferes with the rights of an individual with a disability under Sections 54, 54.1 and 54.2." This section also specifies that, "'[I]nterfere,' for purposes of this section, includes, but is not limited to, preventing or causing the prevention of a guide dog, signal dog, or service dog from carrying out its functions in assisting a disabled person."

45.    Frida Mexican Restaurant is a public accommodation within the meaning of the CDPA. On information and belief, Defendant is the owner, operator, lessor or lessee of the public accommodation.

46.    Defendant made the decision to knowingly and willfully exclude Plaintiff and her service dog from its public accommodation and thereby deny Plaintiff her right of entrance into its place of business with her service dog. As a result of that decision Plaintiff has faced the continuing discrimination of being barred from entering this public accommodation and place of business based on Defendant's illegal prohibition of her legally protected use of her service dog. Plaintiff has continued to suffer denial of access to these facilities, and faces the prospect of unpleasant and discriminatory treatment should she seek to return to these facilities. Plaintiff cannot return to Frida Mexican Restaurant until she receives the protection of this Court's injunctive relief, and she has continued to suffer discrimination daily since February 26, 2025, all to is statutory damages under California Civil Code §§ 54.1, 54.2, and 54.3.

47.    **INJUNCTIVE RELIEF:** Plaintiff seeks injunctive relief to prohibit the acts and omissions of Defendant as complained of here which are continuing on a day-to-day basis and which have the effect of wrongfully excluding Plaintiff and other members of the public who are disabled, who require the assistance of service animals, from full and equal access to these public facilities. Such acts and omissions are the cause of humiliation and mental and emotional suffering of Plaintiff in that these actions continue to treat Plaintiff as an inferior and second-

14

class citizen and serve to discriminate against her on the sole basis that she is a person with disabilities who requires the assistance of a service animal.

48.     Plaintiff wishes to return to patronize Frida Mexican Restaurant but is deterred from returning to use these facilities, because the lack of access and the significant policy barriers will foreseeably cause her further difficulty, discomfort and embarrassment, and Plaintiff is unable, so long as such acts and omissions of Defendant continue, to achieve equal access to and use of these public facilities. Therefore, Plaintiff cannot return to patronize Frida Mexican Restaurant and its facilities and is deterred from further patronage until these facilities are made properly accessible for disabled persons, including Plaintiff and other disabled individuals who require the assistance of a service animal.

49.     The acts of Defendant have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.  Plaintiff seeks injunctive relief as to Defendant's inaccessible policies.  As to Defendant that currently owns, operates, and/or leases (from or to) the subject premises, Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons, and seeks an award of reasonable statutory attorney fees, litigation expenses and costs.

50.     Wherefore Plaintiff asks this Court to preliminarily and permanently enjoin any continuing refusal by Defendant to grant full and equal access to Plaintiff in the ways complained of and to require Defendant to comply immediately with the applicable statutory requirements relating to access for disabled persons.  Such injunctive relief is provided by California Civil Code sections 54.1, 54.2 and 55, and other laws.  Plaintiff further requests that the Court award damages under Civil Code section 54.3 and other law and attorney fees, litigation expenses, and costs under Civil Code sections 54.3 and 55, Code of Civil Procedure section 1021.5 and other law, all as prayed below for.

51.     **DAMAGES:** Because of the denial of full and equal access to the

15

described facilities and due to the acts and omissions of Defendant in owning, operating, leasing, constructing, altering, and/or maintaining the subject facilities, Plaintiff has suffered a violation of her civil rights, including, but not limited to, rights under Civil Code sections 54 and 54.1, and has suffered difficulty, discomfort and embarrassment, and physical, mental and emotional personal injuries, all to her damages per Civil Code section 54.3, including general and statutory damages, as stated below.  Defendant's actions and omissions to act constitute discrimination against Plaintiff because she was and is disabled and unable, because of the policy barriers created and/or maintained by Defendant in violation of the subject laws, to use the public facilities on a full and equal basis as other persons.  The violations have deterred Plaintiff from returning to attempt to patronize Frida Mexican Restaurant and will continue to cause her damages each day these barriers to access and policy barriers are still present.

52.    Although Plaintiff need not prove wrongful intent to show a violation of California Civil Code sections 54 and 54.1 or of Title III of the ADA (*see Donald v. Café Royale*, 218 Cal. App. 3d 168 (1990)), Defendant's behavior was intentional. Defendant was aware and/or was made aware of its duties to refrain from establishing discriminatory policies against disabled persons, before this complaint was filed.  Defendant's establishment of its discriminatory policy to deny and restrict entry to persons with service dogs, and its implementation of such a discriminatory policy against Plaintiff, indicate actual and implied malice toward Plaintiff and conscious disregard for her rights and safety.

53.    **FEES AND COSTS:**  As a result of Defendant's acts, omissions, and conduct, Plaintiff has been required to incur attorney fees, litigation expenses, and costs as provided by statute, in order to enforce Plaintiff's rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses, and costs, under Civil Code sections

16

54.3 and 55.  Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs under California Code of Civil Procedure section 1021.5 and other applicable law.

54.     Plaintiff suffered damages as above described as a result of Defendant's violations.  Damages are ongoing based on her deterrence from returning to Frida Mexican Restaurant.

WHEREFORE, Plaintiff prays for relief as stated below.

**THIRD CAUSE OF ACTION:
VIOLATION OF CALIFORNIA LAW INCLUDING: THE UNRUH ACT, CIVIL CODE SECTIONS 51 AND 52, AND THE AMERICANS WITH DISABILITIES ACT AS INCORPORATED BY CIVIL CODE SECTION 51(f)**

55.     Plaintiff re-pleads and incorporates by reference, as if fully set forth again here, the allegations contained in Paragraphs 1 through 54 of this Complaint and incorporates them herein as if separately re-pleaded.

56.     At all times relevant to this action, the Unruh Civil Rights Act, California Civil Code § 51(b), provided that:

> All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, or medical condition are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

57.     California Civil Code section 52 provides that the discrimination by Defendant against Plaintiff on the basis of her disability constitutes a violation of the general anti-discrimination provisions of sections 51 and 52.

58.     Each of Defendant's discriminatory acts or omissions constitutes a separate and distinct violation of California Civil Code section 52, which provides that:

> Whoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to section 51, 51.5, or 51.6 is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four

17

FIRST AMENDEDCOMPLAINT
CASE NO. 2:25-cv-2928

thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6.

59.    Any violation of the Americans with Disabilities Act of 1990 constitutes a violation of California Civil Code section 51(f), thus independently justifying an award of damages and injunctive relief under California law, including Civil Code section 52.  Per Civil Code section 51(f), "A violation of the right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) shall also constitute a violation of this section."

60.    The actions and omissions of Defendant as alleged here constitute a denial of access to and use of the described public facilities by disabled persons who use service dogs under California Civil Code sections 51 and 52.  As a proximate result of Defendant's action and omissions, Defendant has discriminated against Plaintiff in violation of Civil Code sections 51 and 52, and is responsible for statutory and compensatory damages to Plaintiff, according to proof.

61.    **FEES AND COSTS:**  As a result of Defendant's acts, omissions and conduct, Plaintiff has been required to incur attorney fees, litigation expenses and costs as provided by statute to enforce Plaintiff's rights and to enforce provisions of law protecting access for disabled persons and prohibiting discrimination against disabled persons.  Plaintiff therefore seeks recovery of all reasonable attorney fees, litigation expenses and costs under California Civil Code sections 51 and 52.  Additionally, Plaintiff's lawsuit is intended to require that Defendant make its facilities and policies accessible to all disabled members of the public, justifying "public interest" attorney fees, litigation expenses and costs under California Code of Civil Procedure section 1021.5 and other applicable law.

62.    Plaintiff suffered damages as above-described as a result of Defendant's violations.

WHEREFORE, Plaintiff prays for relief as stated below.

//

18

FIRST AMENDEDCOMPLAINT
CASE NO. 2:25-cv-2928

## **PRAYER**

Plaintiff has no adequate remedy at law to redress the wrongs suffered as stated in this Complaint.  Plaintiff has suffered and will continue to suffer irreparable injury because of the unlawful acts, omissions, policies, and practices of Defendant as alleged herein, unless Plaintiff is granted the relief she requests. Plaintiff and Defendant have an actual controversy and opposing legal positions on Defendant's violations of the laws of the United States and the State of California. The need for relief is critical because the rights at issue are paramount under the laws of the United States and the State of California.

WHEREFORE, Plaintiff Mary Elizabeth Wade prays for judgment and the following specific relief against Defendant:

1. An order enjoining Defendant, its agents, officials, employees, and all persons acting in concert with them:

   a. From continuing the unlawful acts, conditions, and practices described in this Complaint;

   b. To modify its policies and practices to accommodate service dog users in conformity with federal and state law, and to advise Plaintiff that her service dog will not be excluded should she desire to enter and use the services of Frida Mexican Restaurant;

   c. That the Court issue preliminary and permanent injunction directing Defendant as current owner, operator, lessor, and/or lessee and/or its agents of the subject property and premises to modify the above described property, premises, policies and related policies and practices to provide full and equal access to all persons, including persons with disabilities; and issue a preliminary and permanent injunction under ADA section 12188(a) and state law directing Defendant to provide facilities usable by Plaintiff and similarly situated persons with disabilities, and which provide full and equal

19

FIRST AMENDEDCOMPLAINT
CASE NO. 2:25-cv-2928

access, as required by law, and to maintain such accessible facilities once they are provided and to train Defendant's employees and agents in how to recognize disabled persons and accommodate their rights and needs;

    d. An order retaining jurisdiction of this case until Defendant has fully complied with the orders of this Court, and there is a reasonable assurance that Defendant will continue to comply in the future absent continuing jurisdiction;

2. An award to Plaintiff of statutory, actual, general, treble, and punitive damages in amounts within the jurisdiction of the Court, all according to proof;

3. An award to Plaintiff pursuant to 42 U.S.C. § 12205, 29 U.S.C. § 794a, California Civil Code §§ 52 and 54.3, California Code of Civil Procedure § 1021.5, and as otherwise permitted by law, of the costs of this suit and reasonable attorneys' fees and litigation expenses;

4. An award of prejudgment interest under Civil Code § 3291;

5. Interest on monetary awards as permitted by law; and

6. Grant any other relief that this Court may deem just and proper.

Date: April 4, 2025                CLEFTON DISABILITY LAW

                        */s/ Aaron M. Clefton*
                        By AARON M. CLEFTON, Esq.
                        Attorneys for Plaintiff
                        MARY ELIZABETH WADE

## JURY DEMAND

Plaintiff demands a trial by jury for all claims for which a jury is permitted.

Date: April 4, 2025                CLEFTON DISABILITY LAW

                        */s/ Aaron M. Clefton*
                        By AARON M. CLEFTON, Esq.
                        Attorneys for Plaintiff
                        MARY ELIZABETH WADE

20